UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL MABEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 19-3448 (KBJ) |
| v. | ) |
| | ) |
| FEDERAL ENERGY | ) |
| REGULATORY COMMISSION, | ) |
| | ) |
| Defendant. | ) |

# ANSWER

Defendant the Federal Energy Regulatory Commission ("FERC" or "Defendant"), by and through the undersigned counsel, hereby submits this Answer and Defenses to the action brought under the Freedom of Information Act ("FOIA") by Plaintiff Michael Mabee ("Plaintiff"), and states as follows:

## FIRST DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure 8(c).

## SECOND DEFENSE

Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552.

## FOURTH DEFENSE

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

## FIFTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

## SIXTH DEFENSE

Defendant has or is in the process of conducting an adequate review of records relevant to the information sought in the underlying requests under FOIA, 5 U.S.C. § 552, as amended. Defendant further avers that some or all of the requested information and records may be exempt, in full or in part, from release under FOIA exemptions.

## SEVENTH DEFENSE

Any allegations in the Complaint that are redundant, immaterial, or impertinent to the FOIA claims brought by Plaintiff are subject to being stricken pursuant to Federal Rule of Civil Procedure 12(f).

## EIGHTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

## NINTH DEFENSE

Plaintiff is not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E)

**RESPONSE TO NUMBERED PARAGRAPHS**

Defendant respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted, it is denied.  Moreover, to the extent the Complaint refers to or quotes from external documents, statutes or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## **THE PARTIES**[1]

1. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 1.

2. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required.  Furthermore, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 2.

3. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required.  Furthermore, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required.  Furthermore, Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required.  Furthermore, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required.  Furthermore, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required.  Furthermore, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 7.

---

[1] For ease of reference only, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

8. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required. Furthermore, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 8.

9. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required. Furthermore, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 9.

10. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required. Furthermore, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 10.

11. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required. Furthermore, Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 11.

12. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required. Furthermore, Defendant admits only that Plaintiff has a blog on a website found at https://michaelmabee.info and that he has posted his various FOIA requests submitted by him to FERC, as well as FERC's responses. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 12.

13. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required. Furthermore, Defendant admits only that Plaintiff has submitted filings in connection with various FERC dockets, including AD19-18-000. Defendant otherwise denies the remaining allegations in paragraph 13.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Defendant admits the allegations in paragraph 16.

## JURISDICTION AND VENUE

17. Paragraph 17 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, Defendant admits only that this Court has jurisdiction subject to the limitations of FOIA. Defendant further avers that the statute cited speaks for itself.

18. Paragraph 18 contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant admits only that this Court has jurisdiction subject to the limitations of FOIA. Defendant further avers that the statute cited speaks for itself.

19. Paragraph 19 contains conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant admits only that venue is proper in this judicial district. Defendant further avers that the statute cited speaks for itself.

20. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required. Defendant admits that the North American Electric Reliability Organization ("NERC") is an Electric Reliability Organization as defined in 16 U.S.C. § 824o, which is overseen by FERC. Defendant further admits that NERC conducts investigations and audits of covered electric utilities with respect to reliability standards, including Critical Infrastructure Protection ("CIP") standards, and submits Notices of Penalty ("NOP") to FERC in connection with violations of such standards. Defendant also admits that the Commission receives filings from NERC for

5

certain CIP-related NOP filings requesting that certain information in those filings, including the name of the violator, be designated as Critical Energy Infrastructure Information pursuant to FERC regulations. Defendant also admits that, pursuant to FERC regulations, information submitted with a request for designation as CEII is maintained by FERC as non-public until such time that FERC makes a determination regarding the request for designation. Defendant avers that the statutes cited by Plaintiff in paragraph 20 speak for themselves.

21. The allegations in this paragraph do not set forth a claim for relief or allege facts in support of a claim to which a response is required. Furthermore, Defendant admits only that Plaintiff made certain submissions on FERC Docket No. AD19-18-000 on or about October 25, 2019.

22. Defendant admits that Plaintiff made three FOIA requests for documents revealing the names of various Unidentified Registered Entities ("UREs") on December 18, 2018, January 12, 2019, and August 3, 2019, which were assigned the numbers FOIA FY19-19, FOIA FY19-30, and FOIA FY19-99, respectively. Defendant further admits that Plaintiff modified FOIA FY19-19 and FOIA FY19-30 to seek only the identities of certain UREs. Defendant otherwise denies all remaining allegations in paragraph 22.

23. Defendant admits that Plaintiff made three FOIA requests for documents revealing the names of various Unidentified Registered Entities ("UREs") on December 18, 2018, January 12, 2019, and August 3, 2019, which were assigned the numbers FOIA FY19-19, FOIA FY19-30, and FOIA FY19-99, respectively. Defendant further admits that Plaintiff modified FOIA FY19-19 and FOIA FY19-30 to seek only the identities of certain UREs. Defendant avers that the FOIA requests are the best evidence of their contents and

respectfully refers the Court to the subject FOIA requests for their full and accurate contents; Defendant denies all allegations inconsistent with the full text of the FOIA requests.

24. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 24.

25. Defendant admits that Plaintiff's original FOIA requests designated as FOIA FY19 19, FOIA FY19-30, FOIA FY19-99 are for the NERC Full Notice of Penalty version including the names of the registered entities, that the Notices associated with the roughly 253 dockets covered by Plaintiff's FOIA requests can be several hundreds of pages in length, and that the dockets covered by Plaintiff's requests cover thousands of pages of documents. Defendant further admits that Plaintiff modified FOIA FY19-19 and FOIA FY19-30 to seek only the public cover page of each Notice, along with the name of the URE and docket number on the first page.  Defendant otherwise denies all remaining allegations in paragraph 25.

## **PLAINTIFF'S FOIA REQUESTS**

### FIRST REQUEST

26. Defendant admits the allegations in paragraph 26 quote a portion of the content of Plaintiff's December 18, 2018 FOIA request.  Defendant avers that the FOIA request is the best evidence of its contents and respectfully refers the Court to the subject FOIA request for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the FOIA requests.

27. Defendant admits only that on December 19, 2018, FERC staff sent Plaintiff an email which included but was not limited to the language quoted in paragraph 27.  Defendant avers that the email is the best evidence of its contents and respectfully refers the Court to

the email for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the FOIA requests.

28. Defendant admits only that Plaintiff wrote to FERC staff on December 21, 2018 providing additional information regarding the nature of his request. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

29. Defendant admits only that on December 21, 2018, FERC staff responded to Plaintiff's December 21, 2018 correspondence regarding his request and in doing so, quoted the language of his clarification. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

30. Defendant admits the allegations in paragraph 30; Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents. Defendant denies all allegations inconsistent with the full text of the correspondence.

31. Defendant admits only that, on March 18, 2019, Defendant sent correspondence to Plaintiff, which included but was not limited to the language quoted in paragraph 31. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

32. Defendant admits that on March 18, 2019, Defendant sent correspondence to Plaintiff, which included but was not limited to the language quoted in paragraph 32. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

33. Defendant admits only that on April 2, 2019, Defendant sent correspondence to Plaintiff, which included but was not limited to the language quoted in paragraph 33. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

34. Defendant admits only that on April 2, 2019, Defendant sent correspondence to Plaintiff, which included but was not limited to the language quoted in paragraph 34. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

35. Defendant admits only that on April 2, 2019, FERC staff sent correspondence to Plaintiff, which included but was not limited to the language quoted in paragraph 35. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

36. Defendant admits the allegations in paragraph 36; however, Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the

correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

37. Defendant admits only that on June 12, 2019, FERC sent correspondence to Plaintiff concerning his April 17, 2019 appeal, which included but was not limited to the language quoted in paragraph 37. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

38. Defendant admits that on or about August 3, 2019, Plaintiff requested an estimated completion date of his pending FOIA requests. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence. Defendant avers that FERC staff has not provided Plaintiff with an estimated completion date for FOIA FY19-19, but has advised Plaintiff in the context of his pending FOIAs that given FERC's limited resources to address his numerous FOIA requests, associated appeals, and large numbers of FOIA requests received from other requestors generally, staff would process his requests as soon as possible. Defendant otherwise denies all remaining allegation in paragraph 38.

39. Defendant avers that the Plaintiff's FOIA request FOIA FY19-19 and related amendment and modification thereto speak for themselves and respectfully refers the Court to the relevant materials for their full and accurate contents; Defendant denies all allegations inconsistent with the full text and context of these materials.

40. Paragraph 40 contains conclusions of law to which no response is required.

## SECOND REQUEST

41. Plaintiff admits only that the allegations in paragraph 41 quote a portion of the text of Plaintiff's January 12, 2019, FOIA request. Defendant avers that the FOIA request is the best evidence of its contents and respectfully refers the Court to the request for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the request.

42. Defendant admits the allegations in paragraph 42.

43. Defendant admits that on March 20, 2019, FERC staff sent correspondence to Plaintiff notifying him, as well as the relevant submitter and UREs of its intent to release the public Notice of Penalty in FERC Docket No. NP10-139-000. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence. Defendant avers that in its May 17, 2019 release letter, FERC staff advised Plaintiff of his right to appeal the decision within 90 days or wait until the conclusion of the processing of his request. Defendant otherwise denies all remaining allegations in paragraph 43.

44. Defendant admits that on or about August 3, 2019, Plaintiff sent correspondence to FERC, requesting an estimated completion date with respect to his modified FOIA FY19-19 and FOIA FY19-30. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence. Defendant further admits that FERC staff has not provided Plaintiff with an estimated completion date for FOIA FY19-19 or FOIA FY19-30 but has advised

Plaintiff in the context of his pending FOIAs that given FERC's limited resources to address his numerous FOIA requests, associated appeals, and large numbers of FOIA requested received from other requestors generally, staff would process his requests as soon as possible. Defendant otherwise denies all remaining allegation in paragraph 44.

45. Defendant admits that on September 3, 2019, FERC staff sent correspondence to Plaintiff, which included but was not limited to the language quoted in paragraph 45. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

46. Defendant admits the allegations in paragraph 46; however, Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

47. Defendant admits only that Plaintiff filed an administrative appeal of the interim response to the January 2019 FOIA requests. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

48. Defendant admits the allegations in paragraph 48; however, Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

49. Paragraph 49 contains conclusions of law, to which no response is required.

THIRD REQUEST

50. Defendant admits the allegations in paragraph 50 quote a portion of August 3, 2019, FOIA request; however, Defendant avers that the FOIA request is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents. Defendant denies all allegations inconsistent with the full text of the FOIA request.

51. Defendant admits only that on September 3, 2019, FERC staff sent correspondence to Plaintiff, which included but was not limited to the language quoted in paragraph 51. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

52. Defendant admits only that on September 17, 2019, FERC staff sent correspondence to Plaintiff, which included but was not limited to the language quoted in paragraph 52. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

53. Defendant admits the allegations in paragraph 53.

54. Defendant admits only that Plaintiff has not received any of the records or URE identities sought via his request designated as FOIA FY19-99 because the records and URE identities are protected by applicable FOIA exemptions. Defendant otherwise denies all remaining allegations in paragraph 54.

55. Defendant admits only that by letter dated November 7, 2019, FERC denied Plaintiff's administrative appeal as to FOIA FY19-99. Defendant avers that the correspondence is the best evidence of its contents and respectfully refers the Court to the correspondence for

its full and accurate contents; Defendant denies all allegations inconsistent with the full text of the correspondence.

56. Paragraph 56 contains conclusions of law to which no response is required.

57. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 57.

58. Defendant admits that as of the filing of this Answer, FERC staff has formally processed 22 of the roughly 253 dockets sought in Plaintiff's FOIA requests, releasing 9 URE identities and denying the release of 13 URE identities. Defendant otherwise denies all remaining allegations in paragraph 58.

59. Defendant denies the allegations in this paragraph.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's "Prayer for Relief" to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

Dated: December 24, 2019           Respectfully submitted,

                                   JESSIE K. LIU, D.C. Bar No. 472845
                                   United States Attorney

                                   DANIEL F. VAN HORN, D.C. Bar No. 924092
                                   Chief, Civil Division

                                   By: /s/ *April Denise Seabrook*
                                   APRIL DENISE SEABROOK, D.C. Bar No. 993730
                                   Assistant United States Attorney
                                   555 Fourth Street, N.W.
                                   Washington, D.C. 20530
                                   Telephone: 202-252-2525
                                   April.Seabrook@usdoj.gov