UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL MABEE,<br><br>*Plaintiff,*<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>*Defendant.* | Civil Action No. 19-3448 (FYP) |

**DECLARATION OF TYSON SLOCUM**

1. I am Tyson Slocum, and I direct the Energy Program at Public Citizen, Inc. Established in 1971, Public Citizen is a national, not-for-profit, non-partisan, research and advocacy organization representing the interests of household consumers. Public Citizen is active before the Federal Energy Regulatory Commission (FERC) promoting just and reasonable rates, and supporting efforts for utilities to be accountable to the public interest.

2. Among my varied duties as Director, I cover the regulation of petroleum, natural gas and power markets, where I am a very active intervenor and participant in proceedings before the Federal Energy Regulatory Commission. I have served in this capacity at Public Citizen for twenty-two years.

3. I am also a voting member of the U.S. Commodity Futures Trading Commission (CFTC)'s Energy & Environmental Markets Advisory Committee, and the CFTC's Market Risk Advisory Committee. I regularly intervene before the U.S. Department of Energy raising issues of interest to consumers in authorizations to export liquified natural gas (LNG). I have often

appeared before Congress presenting my research and opinions on a wide array of energy market matters, and frequently am featured in the media discussing these issues, including appearances on CNN, MSNBC, the New York Times and The Colbert Report. I am also a member of the faculty at the University of Maryland Honors College, where I teach a course I designed on energy and climate policy, and was named Teacher Of The Year in 2017.

    4. Since one of my organization's top policy priorities is ensuring that public utilities are accountable to the public interest, I have been active in FERC proceedings urging the Commission to make public the identities of utilities that commit cybersecurity violations that result in a notice of penalty. On this issue, we believe that publicly identifying the names of utilities subject to a notice of penalty is necessary for the public interest. We do not seek public release of the detailed cybersecurity violations, or any other information that may compromise security—we only want the names of utilities made public.

    5. It is clear that the name of a utility subject to a notice of penalty cannot qualify as protected Critical Energy Infrastructure Information. Throughout the economy, customers routinely have access to the names of companies that experience major cybersecurity breaches. Utilities are unique in that the Federal Power Act states "that the business of transmitting and selling electric energy for ultimate distribution to the public is affected with a public interest" [16 USC § 824(a)].

    6. Releasing just the name of a utility subject to a notice of penalty cannot be expected to result in the endangerment of the life or physical safety of any individual. Releasing just the name of the utility will not compromise the utility's operations, or recklessly expose any sensitive information. In fact, publicly identifying the names of utilities subject to notice of

penalty violations can help improve and strengthen cybersecurity standards – thereby helping consumers and keeping our electricity system more secure.

7. Many utilities are authorized for full cost recovery at both the federal and state jurisdictional levels, and concealing the identity of a utility subject to a financial penalty can materially effect the rate recovery process. For example, concealing the name of violators could allow the utility to unreasonably seek rate recovery for not just the penalty amount, but any investments the utility is required to make under the terms of the notice of penalty. Absent the public knowledge of the violation, state utility commissions and public interest intervenors (such as Public Citizen) would be unable to assess whether such costs are properly recovered from ratepayers or should be borne by shareholders. This outcome would defeat the entire purpose of the penalty by forcing ratepayers to absorb the costs of utility imprudence. Furthermore, to the extent that a utility committing violations subject to a notice of penalty submits any cybersecurity-related rate recovery requests to regulators, knowing a utility's track record on such issues may materially affect regulators' assessment of such requests.

8. It is broadly in the public interest to require the public disclosure of a utility that is subject to a financial penalty for violations of federal reliability and cybersecurity rules. Concealing the names of utility violators sends a confusing message to the public that financial penalties do not come with full accountability, as future violators may be able to similarly hide behind of the veil of anonymity.

9. Directing the public release of the names of utility violators will not jeopardize cybersecurity, the security of the Bulk-Power System, or national security. Identifying the name of the utility subject to a notice of penalty will not identify any current or recurring vulnerabilities. Public release of the utility's name could improve cybersecurity, as regulators and

stakeholders could use such public information to better educate and prepare utilities' practices. In general, the more information that regulators and the public have about violators, the better able we all are to learn from past mistakes and reduce the likelihood of future ones. Keeping state regulators and the public in the dark about the cybersecurity track record of our electric utilities may actually create a false sense of security, and reduce the likelihood of more public awareness and vigilance needed to protect cybersecurity.

Pursuant to 28 U.S.C. § 1746, I hereby affirm under penalty of perjury that the foregoing declaration is true and correct.

Executed this 6th day of June, 2022 at City of Washington, District of Columbia.

/s/   Tyson Slocum

Tyson Slocum